# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| HIMMER RONALDO MENDOZA MONROY, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 3:19-CV-1656-B |
| DEYSI LISSETH ARAUJO DE MENDOZA, | § § § | |
| Respondent. | § | |

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Magistrate Judge David Horan's Findings, Conclusions, and Recommendation (Doc. 27) on Petitioner Himmer Ronaldo Mendoza Monroy's Verified Petition for Return of Child to El Salvador (Doc. 1). Respondent Deysi Lisseth Araujo de Mendoza has failed to object to Judge Horan's findings and recommendation within fourteen days after being served as required by Federal Rule of Civil Procedure 72(b)(2). In the absence of objections, the Court reviews Judge Horan's findings and recommendation for clear error. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

# I.

## BACKGROUND

The issue before the Court is whether Respondent wrongfully removed and retained E.L., the child of Petitioner and Respondent, in violation of the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, 1343 U.N.T.S. 89 (the "Hague Convention"), and its implementing legislation, the International Child Abduction Remedies Act (ICARA), 22 U.S.C. §§ 9001–11. Petitioner filed his Petition (Doc. 1) with this Court on July 11, 2019, and Respondent filed her Original Answer (Doc. 8) on July 26, 2019. Thereafter, this Court held a show-cause hearing and then referred the Petition to United States Magistrate Judge David Horan for evidentiary hearing and the submission of proposed findings of fact and recommendation. Doc. 20, Order Referring Verified Pet. Judge Horan held an evidentiary hearing on September 13, 2019 and issued his Findings, Conclusions, and Recommendation on September 20, 2019 (Doc. 27).

# II.

## ANALYSIS

After conducting an independent review of the pleadings and records in this case, and the findings and recommendation of United States Magistrate Judge Horan, the Court is of the opinion that the findings and recommendation are correct and free of clear error.

Under Article 3 of the Hague Convention, a petitioner must prove three elements by a preponderance of the evidence to prevail on a wrongful removal claim: (1) "the respondent removed or retained the child somewhere other than the child's habitual residence"; (2) "the removal or retention violated the petitioner's 'rights of custody' under the habitual-residence nation's laws"; and (3) "at the time of removal or retention those rights were actually exercised, either jointly or alone,

or would have been so exercised but for the removal or retention." *Larbie v. Larbie*, 690 F.3d 296, 307 (5th Cir. 2012) (internal quotation marks omitted).

If the petitioner proves these three elements, the burden shifts to the respondent to raise an affirmative defense. *See id.* at 308. Under Article 13(b) of the Hague Convention, one such affirmative defense exists where the respondent shows, by clear-and-convincing evidence, that "there is a grave risk that [the child's] return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation." If the respondent establishes a grave risk by clear-and-convincing evidence, the Court may, but is not required, to return the child. *See England v. England*, 234 F.3d 268, 270–71 (5th Cir. 2000). Similarly, under Article 20 of the Hague Convention, the Court need not order return of a child if the respondent shows, by clear-and-convincing evidence, that return "would not be permitted by the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms."

Here, this Court finds no clear error in Judge Horan's findings or application of the proper law. First, Judge Horan had ample evidence to support his findings that: (1) Petitioner retained E.L. outside of his habitual residence; (2) this violated Petitioner's custodial rights; and (3) Petitioner was actually exercising those rights at the time of wrongful removal or retention. *See* Doc. 27, Findings, Conclusions, and Recommendations of the United States Magistrate Judge, 17–20.

Second, Judge Horan did not err in concluding that Respondent failed to establish an affirmative defense by clear-and-convincing evidence. *Id.* at 20, 27. Even fully crediting the testimony of Respondent and her witnesses, Judge Horan found the evidence to be short of Petitioner's "high burden of demonstrating a grave risk to E.L.," *id.* at 26, and this Court agrees. Although Respondent testified to suffering abuse at the hands of Petitioner and his father, see *id.* at 21–23, the content of

her testimony does not constitute clear-and-convincing evidence of a "grave"—"not merely serious"—risk to E.L. *Soto v. Contreras*, 880 F.3d 706, 710 (5th Cir. 2018) (internal citation and quotation marks omitted). And Respondent's testimony of Petitioner's abuse of E.L., see *id.* at 25–26, without substantiation, does not rise to the level of clear-and-convincing evidence either. Thus, Judge Horan did not err in rejecting the application of the grave-risk defense.

Moreover, Judge Horan did not err in finding that Respondent failed to establish the fundamental-principles defense by clear-and-convincing evidence. This defense "is to be invoked only on 'the rare occasion that return of a child would utterly shock the conscience of the court or offend all notions of due process.'" *Souratgar v. Lee*, 720 F.3d 96, 108 (2d Cir. 2013) (quoting U.S. State Dep't, *Hague International Child Abduction Convention: Text and Legal Analysis*, Pub. Notice 957, 51 Fed. Reg. 10494, 10510 (Mar. 26, 1986)). In light of this high standard, the Court finds no clear error in Judge Horan's conclusion that the fundamental-principles defense should not apply.

## III.

## CONCLUSION

It is therefore **ORDERED** that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. 27) is **ADOPTED**, and Petitioner's Verified Petition for Return of Child to El Salvador (Doc. 1) is **GRANTED**.

The prompt return of E.L. to El Salvador is of the utmost importance to the Court. The Court enters the following orders to ensure that nothing will interfere with E.L.'s return to Petitioner in El Salvador. The parties are admonished that **NO EXTENSIONS OF TIME WILL BE GRANTED**. In determining the deadlines outlined below, the Court explicitly notifies the parties that weekend days and holidays shall not be excluded from the date calculations. Failure to follow

this Court's orders will result in sanctions against counsel and the parties.

It is **ORDERED** that the child of Petitioner and Respondent, E.L., shall be returned to El Salvador **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER**. Failure of Respondent to return E.L. to El Salvador by that deadline will require the Court to direct the United States Marshal Service to take physical custody of E.L. and will result in serious sanctions, including but not limited to contempt of court.

It is further **ORDERED** that neither Respondent, nor anyone on her behalf, shall remove E.L. from the Northern District of Texas pending E.L.'s return to El Salvador. If Respondent, or anyone on her behalf, does remove E.L. from this Court's geographical jurisdiction, even for a short period of time, other than during the period of time necessary to take E.L. directly to El Salvador, severe sanctions shall be imposed, including, but not limited to, arrest and incarceration for contempt of court. The Court will not hesitate in directing the United States Marshal Service to take physical custody of E.L. if this Court suspects that a risk of flight exists.

It is further **ORDERED** that the parties shall agree as to the method of transporting E.L. to El Salvador. Arrangements should be made to transport E.L. from his mother's care in the United States to his father's care in El Salvador. Only Respondent and other individuals explicitly authorized in writing by Petitioner shall be permitted to take E.L. to El Salvador to his father's care. Unless the parties agree otherwise, Petitioner shall incur the cost of transporting E.L., but no one else, to El Salvador. The cost of this transportation is subject to reimbursement under the Hague Convention and/or ICARA.

It is further **ORDERED** that counsel for Respondent shall retrieve Respondent's and E.L.'s passports from the United States District Clerk's Office in the Northern District of Texas by

presenting this order. The Clerk of Court is hereby authorized to release both passports to counsel for Respondent upon presentation of this order.

It is further **ORDERED** that the parties shall file a joint report **NO LATER THAN TWO (2) DAYS** prior to E.L.'s return to El Salvador, giving the Court notice of the exact method and timing of E.L.'s transportation. As soon as possible, but **NO LATER THAN THREE (3) DAYS** after E.L.'s return to El Salvador, the parties shall jointly file a notice with the Court informing the Court that E.L. has been safely delivered to Petitioner's care in El Salvador.

It is further **ORDERED** that Petitioner shall file, on or before **November 22, 2019**, any motion for reimbursement of costs or fees under the Hague Convention or the ICARA, if he chooses to do so. After receiving complete briefing on the issue, the Court will determine the appropriate monetary award of attorney's fees and costs, if any.

It is finally **ORDERED** that this Court shall retain jurisdiction over this matter until such time E.L. is returned to El Salvador and the matter of attorney's fees and costs is resolved. However, the case is now closed.

**SO ORDERED.**

**SIGNED: October 16, 2019.**

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE